**UNITED STATES v. REYNOLDS et al.**

Cr. No. 1869–52.

United States District Court
District of Columbia.

Feb. 11, 1953.

590

Charles M. Irelan, U. S. Atty., and Frederick G. Smithson, Asst. U. S. Atty., Washington, D. C., for the United States.

Ralph Stein, of Washington, D. C., for defendant.

CHARLES F. McLAUGHLIN, District Judge.

After entering a plea of not guilty to a two count indictment charging them with violating the federal narcotic laws,[1] the defendants seasonably moved to have certain evidence suppressed which was seized from their home during a search of the premises by officers of the Metropolitan Police Department on October 31, 1952. Their contention is that there was lack of probable cause to issue a search warrant; therefore since the search was illegal, the evidence seized is inadmissible.

The warrant was issued upon an affidavit of a detective assigned to the Narcotic Squad of the Metropolitan Police Department. The affidavit reveals that this detective had received information from a reliable source in the past that the defendant Charles Reynolds had secreted a large quantity of narcotic drugs in the ground in the basement of the house where he resided, and that Charles Reynolds was a known peddler of narcotic drugs in Washington D. C. Acting on this information the detective found that the said defendant had previously been convicted of violating the Marihuana Tax Act, 50 Stat. 551, and that the premises mentioned above were listed in the Assessor's Office of the District of Columbia as belonging to the movants.

Thus armed, the officer swore to an affidavit for a search warrant before the United States Commissioner that he believed that the information was true but that he was reluctant to disclose the identity of the informant for fear of serious bodily harm to that individual.

■ Upon the issuance of the warrant the police, on the same day, conducted a search of the premises. The search disclosed the evidence now sought to be suppressed. However, the results of that search are of no concern here since it is axiomatic that the fruits of an illegal search cannot be used against a defendant. McDonald v. United States, 1948, 335 U.S.

1. Count one charged a violation of Sec. 2553(a) of the Internal Revenue Code, 26 U.S.C.A. § 2553(a). Count two charged a violation of the Narcotic Drugs Import and Export Act, as amended, 21 U.S.C.A. § 174.

451, 69 S.Ct. 191, 93 L.Ed. 153; Johnson v. United States, 1948, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; Nueslein v. District of Columbia, 1940, 73 App.D.C. 85, 115 F.2d 690.

■■ The question before the Court is: Does the affidavit reveal adequate probable cause as distinguished from mere suspicion to cause the issuance of the search warrant? "That line [i. e. the line between probable cause and suspicion] necessarily must be drawn by an act of judgment formed in the light of the particular situation and with account taken of all the circumstances." Brinegar v. United States, 1949, 338 U.S. 160, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879. In other words, the Court must view the situation in the light of the peculiar circumstances of the case to determine whether the facts and circumstances within the detective's personal knowledge and of which he had reasonably trustworthy information were sufficient in themselves to warrant a man of reasonable caution to believe that narcotic drugs were being illegally held on the defendants' premises. United States v. Rabinowitz, 1950, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Brinegar v. United States, supra; Mills v. United States, 1952, 90 U.S.App.D.C. 365, 196 F. 2d 600.

■ The Court is well aware that the existence of probable cause to sustain the issuance of the warrant does not require that the detective have had legal evidence sufficient to convict. See Brinegar, supra, 338 U.S. at page 174, 69 S.Ct. at page 1310, notes 12, 13. This principle, applied by this branch of the District Court sitting as the trial Judge was recently affirmed by the Court of Appeals in Washington v. United States, D.C.Cir., 202 F.2d 214. There the question was substantially the same as the question at bar. But there, when stripped of its surplusage, the affidavit clearly showed that the facts and circumstances revealed sufficient probable cause to sustain the issuance of the warrant.

■ In this jurisdiction it has long been held that "affidavits * * * which simply state that the affiant * * * has rea-son to believe and does believe that a crime has been or is in course of being committed, or which go no farther than to allege conclusions of law or of fact, or which set out on mere information and belief the material facts on which the right to search or seize is based, are insufficient to support a search warrant, and any search warrant issued on such affidavits * * * is invalid." Schencks v. United States, 1924, 55 App.D.C. 84, 2 F.2d 185, 187. (Emphasis supplied.)

A well formulated procedure was set forth in the Schencks case. There the Court stated:

"If the peace officer has reason to believe and does believe that a search or seizure ought to be made, he should state in his affidavit the facts which led him to that conclusion, and which were known to him of his own knowledge. If he has no first-hand information as to the material facts, but has been informed by another as to facts or conditions which would justify the issuance of process for search or seizure, the officer should secure the informer's affidavit positively alleging of the latter's own knowledge the existence of such facts or conditions. In the event that the informer is unwilling to make such an affidavit, he should be subpoenaed to appear before the judge or commissioner to give testimony as to the truth of the statements made by him to the officer." 55 App. D.C. at page 85, 2 F.2d at page 186. (Emphasis supplied.)

Counsel for the Government has urged the Court that the Schencks decision, supra, has been overruled in effect by the United States Supreme Court in Brinegar v. United States, supra. That position might appear to be strengthened by the recent decision of the Circuit Court of Appeals in the Washington case, supra, [202 F.2d 215], wherein it is stated, "Insofar as Schencks v. United States might be construed to the contrary, it has been overruled by Brinegar." However, this Court has not been persuaded that the conclusion and effect urged by counsel is justified. Both the

Brinegar and Washington decisions as applied to Schencks v. United States merely repudiate the possible interpretation in the Schencks opinion that no warrant should issue except upon legal evidence. Moreover, an analysis of the Brinegar facts shows that the two cases are readily distinguishable and differ in their essential respects. The Brinegar case involved a swiftly moving vehicle being used by an individual who had recently and repeatedly in the past given substantial ground for the belief that he was not going about on legitimate business. As was pointed out in the Brinegar opinion "No problem of searching the home or any other place of privacy was presented." 338 U.S. at page 176, 69 S.Ct. at page 1311. The legality of the officers' action was based on personal contact, knowledge, and observation of the defendant, under all the circumstances. In the Schencks case, on the contrary, the officers had obtained a search warrant solely upon hearsay information without an effort to check its accuracy by personal observation, stakeout, or surveillance.

The facts in the Schencks case were strikingly similar to those here presented. Applying the rule announced in the Schencks case, the Court concludes that the facts ascertained by the detectives in the case at bar are clearly insufficient to justify a discreet and prudent man in concluding that the premises were being used to conceal narcotics.

Accordingly, the motion of the defendants to suppress the evidence seized from their home during a search of the premises on October 31, 1952, is granted for lack of probable cause to issue a search warrant for the premises. An order granting the said motion is filed herewith.