## UNITED STATES v. JOHNSON.

### Cr. 813.

United States District Court
District of Columbia.

June 29, 1953.

Leo A. Rover, U. S. Atty., and Thomas A. Flannery, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Curtis P. Mitchell, Washington, D. C., for defendant.

LAWS, Chief Judge.

Defendant, having been indicted on two counts of an eleven count indictment for managing, carrying on and promoting a numbers game and for possession of numbers game paraphernalia, in violation of Title 22, §§ 1501, 1502 of the D.C.Code, has moved to suppress the evidence and for return of the property seized from his custody, possession and person under a warrant for the search of Apartment 35 in 4427 Hayes Street, N.E. in the District of Columbia.

The evidence discloses that a warrant had been issued for defendant's arrest, but that the police were under instructions to wait until defendant had en-

360

tered the apartment before executing the warrant. The police having rejected a convenient present opportunity to make a lawful arrest in a public street, clearly the search of the premises cannot be supported as incidental to the arrest. McKnight v. United States, 1950, 87 U.S.App.D.C. 151, 183 F.2d 977, and cases cited. The legality of the search must therefore depend upon whether there was probable cause to believe that grounds existed to support issuance of the search warrant. Rule 41(c), Federal Rules of Criminal Procedure, 18 U.S.C.A. Defendant, as a person aggrieved by the search and seizure, has standing to move to suppress the evidence on that ground. Rule 41(e), Federal Rules of Criminal Procedure. See United States v. Reynolds, D.C.1953, 111 F.Supp. 589.

The search warrant for the Hayes Street apartment was based on the affidavit of two police officers that, on March 5, 6, 9, 10, 13, 26 and 27, 1953, defendant had been seen entering 616 Kenilworth Avenue, N. E., in the District of Columbia, had remained ten minutes, left, at times with a noticeable bulge in his overcoat pocket, had driven to the Hayes Street address, and entered Apartment 35. The incidents occurred each time at about 2 o'clock in the afternoon when number lotteries are active. A police officer testified that on March 26 he had made number plays at the Kenilworth Avenue address, had seen certain number slips turned over to defendant, and had overheard a conversation "about some lady that had made some hits with them regularly." Defendant's car was seen shortly thereafter parked in the block of the Hayes Street address. There was testimony that defendant had never stayed at the Hayes Street address more than thirty minutes at one time, and that several men with their pockets bulging had been seen on one occasion entering the apartment. Defendant's car was identified in the warrant as belonging to a "well-known numbers operator" from the registration, but the officers testified defendant's name was unknown to them and the arrest warrant was sworn out in the name of "John Doe".

Undoubtedly there was probable cause to support the search warrant issued for the Kenilworth address and the arrest warrant for defendant. The Court finds, however, the Hayes street apartment was searched under warrant without probable cause. Probable cause means more than suspicion; there must be knowledge and information sufficient in themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed. Brinegar v. United States, 1949, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879.

Here a stranger and not defendant was the owner of the Hayes Street apartment. There is no evidence that the owner was in any way involved in operation of a numbers game. Nor, prior to the arrest and search, had the police ever been inside or known what was inside the apartment. That defendant habitually went to an apartment, at times with an unidentified bulge in his pocket, after leaving a house where on one occasion a police officer had placed numbers bets and defendant had been seen to pick up numbers slips, does not raise the inference of illegal activity at the apartment above mere suspicion and conjecture, and does not warrant the invasion of the private dwelling of a stranger, with or without a warrant.

Defendant's motion to suppress evidence and for return of property seized is granted for lack of probable cause to issue a search warrant for Apartment 35 at 4427 Hayes Street, N.E.