### UNITED STATES
#### v.
### Floyd W. MANUEL et al.
#### Cr. No. 511–54.

United States District Court, District of Columbia.

Jan. 10, 1955.

without warrants, will likewise be suppressed.

With respect to the motions to inspect documents and for statements of witnesses, the United States Attorney shall make available for inspection such documents, statements or confessions as are subject to discovery under the opinion of the Court in United States v. Bell, D.C., 126 F.Supp. 612.

 Count 1 of the indictment, the conspiracy count, sufficiently charges the agreement to commit the offense, the object of the agreement, and the overt acts. Defendants are sufficiently advised of the specific acts of which they are accused, so that they may properly prepare their defense and avoid surprise at trial, and protected against double jeopardy. It is not necessary that the indictment state that the overt acts were committed in furtherance of the conspiracy and to effect the objects thereof, since this is clearly implicit in the language of the indictment defining the elements of the offense. A conspiracy to commit a crime denounced by the District of Columbia Code or against the common law of the District is a conspiracy to commit an offense against the United States. Arnstein v. United States, 1924, 54 App. D.C. 199, 296 F. 946, certiorari denied 264 U.S. 595, 44 S.Ct. 454, 68 L.Ed. 867; Fletcher v. United States, 1914, 42 App. D.C. 53; certiorari denied 235 U.S. 706, 35 S.Ct. 283, 59 L.Ed. 434; United States v. Cella, 1911, 37 App.D.C. 423, certiorari denied 223 U.S. 728, 32 S.Ct. 526, 56 L.Ed. 633; Tyner v. United States, 1904, 23 App.D.C. 324; De Forest v. United States, 1897, 11 App.D.C. 458; Easterday v. McCarthy, 2 Cir., 1919, 256 F. 651; In re Wolf, D.C.Ark., 1886, 27 F. 606. A conspiracy to violate the gambling laws of the District of Columbia is therefore punishable under 18 U.S.C., § 371. The motion to dismiss Count 1 of the indictment and for other appropriate relief will be denied.

———◆———

Leo A. Rover, U. S. Atty., Frederick G. Smithson, Asst. U. S. Atty., Washington, D. C., for plaintiff.

George E. C. Hayes, William B. Bryant, Curtis P. Mitchell, Henry Lincoln Johnson, Jr., Washington, D. C., for defendants.

LAWS, Chief Judge.

Various motions have been filed before trial by defendants to suppress evidence and return property, to suppress arrest warrants, to inspect documents and for statements of witnesses, and to dismiss Count 1 of the indictment and for other appropriate relief.

The motions to suppress evidence and arrest warrants and return property will be granted for the reasons stated by this Court in United States v. Johnson, D.C. D.C., 1953, 113 F.Supp. 359. All evidence seized pursuant to arrests, with or