UNITED STATES
v.
Norman H. HALL et al.
Cr. No. 509-54.

United States District Court,
District of Columbia.

Jan. 10, 1955.

Leo A. Rover, U. S. Atty., Frederick G. Smithson, Asst. U. S. Atty., Washington, D. C., for plaintiff.

George E. C. Hayes, William B. Bryant, Curtis P. Mitchell, Henry Lincoln Johnson, Jr., Washington, D. C., for defendants.

LAWS, Chief Judge.

Defendants have filed various motions before trial to suppress evidence and return property, to suppress arrest warrants, for statement of witnesses and to inspect documents, and for severance.

Certain arrest and search warrants were issued on the basis of an affidavit by police officers describing their observations of a number of persons and premises begun because of reliable information received that defendant Hall was using a 1949 Ford Sedan to pick up numbers. With respect to the search warrant for the premises 2001½ 18th Street, N.W., a barber shop, the following course of conduct was established by surveillance: Hall would enter and leave several other premises, staying only a few minutes in each place, at a time when numbers bets are customarily picked up; his pockets would be bulging; he would enter the barber shop, take slips of paper from the drawer of a cabinet therein, place them in his pocket, and leave with pocket bulging; he was later seen to receive or transfer a paper bag to another, to pick up a known numbers operator, and to enter or

leave a known numbers drop. The observation of the slips of paper picked up in the barber shop, when they are not the stock in trade of that type of business, was sufficient to show taint of the premises and to establish probable cause for the search of the barber shop and the arrest of John Doe No. 2, defendant Williams, who had been seen placing slips in the drawer. At the hearing, defendants offered testimony in the nature of a defense of alibi and pointed to certain alleged inconsistencies between statements in this affidavit and the affidavits in three other cases. The Court does not find this testimony sufficiently impeaches the credibility of the officers or the truthfulness of their affidavit to indicate lack of probable cause for the issuance of the search warrant for premises 2001½ 18th Street, N.W.

However, where there is probable cause to search a place because of the activities of a suspected numbers operator viewed in the light of the total atmosphere of the case, it does not mean there is also probable cause without more to search all other places where the suspect may have occasion to enter and to arrest all persons with whom he may come into contact. The motions to suppress evidence and return property as to the premises 1121 First Street, N.W., and 1714 V Street, N.W., and to suppress arrest warrants for John Doe No. 1 and John Doe No. 3 will be granted for the reasons stated by this Court in United States v. Johnson, D.C.D.C., 1953, 113 F.Supp. 359. They will be denied as to the search of premises 2001½ 18th Street, N.W., and the arrests of defendant Hall and John Doe No. 2.

With respect to the motions to inspect documents and for statements of witnesses, the United States Attorney shall make available for inspection such documents, statements or confessions as are subject to discovery under the opinion of the Court in United States v. Bell, D.C., 126 F.Supp. 612.

Persons jointly indicted should be tried together, and separate trials granted within the sound discretion of the Court only upon a strong showing of prejudice. No such showing has been made. Defendants' motion for severance will accordingly be denied.