**UNITED STATES, Plaintiff,**

v.

**Robert H. BOWMAN et al.,
Defendants.**

**Crim. No. 956–55.**

United States District Court
District of Columbia.

Jan. 13, 1956.

Leo A. Rover, U. S. Atty., E. Riley Casey, Ass't U. S. Atty., Washington, D. C., for plaintiff.

Myron G. Ehrlich and Joseph Sitnick, Washington, D. C., for defendants.

William H. Collins, Washington, D. C., for defendant Yudelevit.

LAWS, Chief Judge.

## I

Defendant Harry Yudelevit's motion for severance. Persons jointly indicted should be tried together except upon a strong showing of prejudice. Being of opinion no such showing has been made, the motion will be denied.

## II

Defendants' motion to dismiss the first count of the indictment. For the reasons stated by this Court in United States v. Manuel, D.C.D.C.1955, 126 F. Supp. 618, the motion will be denied.

## III

Defendants have filed motions to dismiss counts 25 through 35 on the ground of lack of jurisdiction, claiming that

since they deal with nonpayment of a tax which those engaged in a wagering business in the District of Columbia must pay to the Director of Internal Revenue in Maryland, the prosecution must be brought in Maryland. The statutes involved are found in Title 26 U.S.C.A. § 4411, by which a special tax is required to be paid by one who is engaged in receiving wagers (it is conceded the place for payment by those in the District of Columbia is in Maryland); Sec. 4901, which provides that no person shall be engaged in or carry on any trade or business subject to the tax imposed by Sec. 4411 until he has paid such tax; and Sec. 7262 which provides that any person who does any act which makes him liable for the special tax, without having paid such tax, shall be liable for payment of the tax and be fined not less than $1,000 nor more than $5,000.

◼ In this case while the defendants, if they planned to conduct the business of receiving wagers in the District of Columbia, would be required to pay the Director of Internal Revenue in Maryland the special tax required by Sec. 4411, the gravamen of the offense charged is the doing of an act, that is to say, the act of carrying on a business of receiving wagers without having previously paid such tax required by law. It is only when the act of conducting the wagering business is committed that the crime comes into being. Venue, therefore, is where the act is committed and not where the tax should have been paid. The case is comparable to the crime of driving an automobile without a license, in which the place of committing the act of driving the automobile, rather than the place of obtaining the license, determines the venue. Another comparable case is a conspiracy denounced by the laws of the United States. The statute requires an overt act pursuant to the conspiracy before the crime is committed. In such a case the place the overt act is committed determines the venue. Hyde v. United States, 1912, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114; Hudspeth v. McDonald, 10 Cir., 1941, 120 F. 2d 962, certiorari denied 1941, 314 U. S. 617, 62 S.Ct. 110, 86 L.Ed. 496, rehearing denied 1945, 325 U.S. 892, 65 S. Ct. 1181, 89 L.Ed. 2004.

◼ The Court has considered whether the counts referred to set forth the gravamen of the offense with reasonable clarity. This is necessary not only in order that defendants may be informed as to the nature of the charges against them, but also to be able to plead autrefois convict or autrefois acquit if the same charges should later be filed against them. The indictment in this case contains the following allegations: (1) the duty to obtain a license in Maryland on or before engaging in the business of accepting wagers; (2) the failure to obtain such tax on or before the period beginning April 5, 1955 and ending June 13, 1955; and (3) the engaging in the business of accepting wagers during the period from about April 5, 1955 to about June 13, 1955. These allegations set forth all of the elements of the offense with reasonable clarity. The Court therefore will deny defendants' motions to dismiss counts 25 to 35.

IV

◼ The Court has carefully studied and analyzed the affidavit executed by three police officers upon which the search warrants and arrest warrants were based. On such study and analysis, the Court finds probable cause for issuance of search warrants is set forth in respect of each of the following premises: (1) 3569 Warder Street, N.W.; (2) 525 10th Street, S.E. and (3) 1319 V Street, N.W. The Court notes no motion to suppress was filed in respect of premises 417 11th Street, S.E. The Court finds probable cause for the arrest warrants issued for defendants Robert H. Bowman, Bertha Berry, John T. Stoneburner, George J. Stoneburner and Oscar Patterson. No question was raised as to the validity of the arrest warrants issued against Anna M. Scott and John A. Reed. The motions to suppress the evidence obtained from premises 3569 Warder Street, N.W., 525 10th

Street, S.E., 1319 V Street, N.W. and the motions to suppress evidence taken from the persons of defendants Robert H. Bowman, Bertha Berry, John T. Stoneburner, George J. Stoneburner and Oscar Patterson, as well also as Harry Yudelevit and Bertha Sellers, arrested at the Warder Street and 10th Street addresses respectively, will be denied. United States v. Bell, D.C.D.C.1955, 126 F.Supp. 612.

The motions to suppress evidence and return property as to premises 1410 Massachusetts Avenue, S.E. and 515 6th Street, S.E., and to suppress evidence seized from Edward H. Webster and Maude S. Bowman will be granted for the reasons stated by this Court in United States v. Johnson, D.C.D.C.1953, 113 F.Supp. 359, and United States v. Hall, D.C.D.C.1955, 126 F.Supp. 620.

## V

As to defendants' motion to suppress evidence seized from premises 3569 Warder Street, defendants claim unlawful execution of the search warrant.

At the hearing before the Court the parties stipulated the Court might consider the testimony given before the United States Commissioner on a preliminary hearing held on June 23, 1955. The only other testimony before the Court was that of Officer B. M. Jefferson. Upon consideration of the testimony the Court finds that in serving the search warrant, three officers approached the premises from the front, two officers approached from the rear; the front door, which was unlocked, was entered without knocking. There is no evidence the officers broke open the front door or any window or any other part of the house, with the exception that Officer Stone, who testified before the Commissioner he went in the front door, stated "Now, I believe the back door was forced." Since the subject of this possible forcing of the back door was not pursued in the testimony and since the statement of Officer Stone as to his belief as to the forcing of the back door was not competent testimony, the Court is of opinion it is not in a position to find as a fact that there was forcing of the back door. Accordingly, there was no violation of Title 18, § 3109, U.S.C.A. which reads as follows:

"§ 3109. Breaking doors or windows for entry or exit

"The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant. June 25, 1948, c. 645, 62 Stat. 820."

Officers serving search warrants are quite as likely to be frustrated in their attempts to discover evidence of crime and to suppress crime as those who are called on to make arrests either after obtaining or without obtaining the usual warrants of arrest. So long as the entry is peaceful and there is no breaking of parts of the house, the execution of the search warrant is legal. Cf. Ellison v. United States, D.C.Cir., 1953, 206 F. 2d 476; Martin v. United States, 4 Cir., 1950, 183 F.2d 436, certiorari denied 1950, 340 U.S. 904, 71 S.Ct. 280, 95 L. Ed. 654.

Defendants' motion to suppress evidence seized at premises 3569 Warder Street, N.W., will be denied.