## NUNES v. UNITED STATES.

Circuit Court of Appeals, First Circuit.
February 2, 1928.

No. 2128.

**1. Criminal law 1044—Motion to quash search warrant and suppress evidence, admitted without objection, held unavailable on appeal.**

Where defendant knew of search and seizure of still and liquor before trial, but made no objection to admission of oral testimony as to such facts, or introduction in evidence of things seized, his motion, after completion of government's testimony, to quash warrant and suppress evidence, was too late, and cannot be availed of in appellate court.

**2. Criminal law 394—Intoxicating liquors 248—Affidavit for search warrant held not insufficient, nor evidence obtained inadmissible, in absence of showing that place was defendant's private dwelling, or things seized his property (National Prohibition Act, tit. 2, § 25 [27 USCA § 39]).**

Where evidence disclosed that place searched was not occupied by defendant as his private dwelling, motion to quash warrant did not state that it was such, and he made no claim that still and liquor seized were his property, affidavit cannot be held insufficient to justify issuance of warrant, under National Prohibition Act, tit. 2, § 25 (27 USCA § 39), nor evidence of search and seizure, and things seized inadmissible.

In Error to the District Court of the United States for the District of Rhode Island; George F. Morris, Judge.

Antonio Nunes, alias, was convicted of possessing unregistered stills and carrying on the business of a distiller without giving bond, and with intent to defraud the United States of taxes, and he brings error. Affirmed.

William W. Blodgett, of Pawtucket, R. I., for plaintiff in error.

Joseph E. Fitzpatrick, Asst. U. S. Atty., of Providence, R. I. (John S. Murdock, U. S. Atty., of Providence, R. I., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. The defendant was indicted in six counts for violating laws relating to the revenue. He was found guilty and sentenced upon counts 1, 2, and 5. In the first count he was charged with unlawfully and knowingly having in his possession and control four stills set up for production of spirituous liquors, without having registered the same (Rev. St. § 3258 [26 USCA § 281; Comp. St. § 5994]); in the second, with carrying on the business of a distillery, without giving bond (Rev. St. § 3281 [26 USCA § 306; Comp. St. § 6021]); and, in the fifth, with carrying on the business of a distiller with intent to defraud the United States of the tax on the product (Revenue Act 1926, title 7, § 701 [26 USCA §§ 192, 206]).

After the government had completed the presentation of its testimony, all of which was admitted without exception or objection, the defendant filed the following motion:

"And now comes the defendant in the above-entitled cause, and moves that the search warrant used in obtaining evidence in said case be quashed, and the evidence obtained thereunder be suppressed, because he says that the premises searched under said search warrant and in which the evidence was seized was a private dwelling house, and that the affidavit on which said search warrant was issued did not allege that a sale of an intoxicating beverage had been made."

The motion was denied and the defendant excepted. Its denial is the only error assigned now relied upon.

Under this assignment it is contended on behalf of the defendant that the affidavit upon which the search warrant was based was inadequate in that it did not set out facts sufficient to show that the dwelling house was used for the sale of intoxicating liquor or in part as a store, shop, saloon, restaurant, hotel, or boarding house, as required by section 25, title 2, of the National Prohibition Act (27 USCA § 39); and (2) that the motion to quash and suppress the evidence was seasonably made.

It appeared in evidence that the defendant and his wife owned a dwelling house at No. 1306 Broad street, Central Falls, Rhode Island; that it was a four-tenement house, each tenement being rented to different families; that the cellar was rented to one Fernandez; that defendant and his wife occupied a room on the fourth floor, rented of a tenant; that the search and seizure made by the officers was confined to the cellar and the first floor; that they seized four stills, which were in operation, and a large quantity of intoxicating liquor; and that the stills and liquor were found in the cellar. In addition to oral evidence of the above facts, one of the stills and a sample bottle of the liquor seized were put in evidence. It also appeared that at the time of the seizure the defendant and his wife were about the premises and knew of the search and seizure.

[1] In view of the fact that the defendant knew of the search and the seizure of the still and liquor prior to the trial, and made no objection to the admission of the oral testimony relating to the search and seizure, or to the introduction in evidence of the things seized, his motion to quash the warrant and to suppress the evidence was made too late, and cannot be availed of, as he had adequate opportunity to present the matter raised by his motion in advance of the trial. Segurola v. United States, 275 U. S. ——, 48 S. Ct. 77, 72 L. Ed. ——, decided November 21, 1927.

In that case it was said:

"The principle laid down by this court in Adams v. New York, 192 U. S. 585, 24 S. Ct. 372, 48 L. Ed. 575, and recognized as proper in Weeks v. United States, 232 U. S. 383, 395, 34 S. Ct. 341, 58 L. Ed. 652, 656, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, and in Marron v. United States, No. 185, 275 U. S. ——, 48 S. Ct. 74, 72 L. Ed. ——, October term, 1927, decided this day, applies to render unavailing, under the circumstances of this case, the objection to the use of the liquor as evidence based on the Fourth Amendment. This principle is that, except where there has been no opportunity to present the matter in advance of trial (Gouled v. United States, 255 U. S. 298, 305, 41 S. Ct. 261, 65 L. Ed. 647, 651; Amos v. United States, 255 U. S. 313, 316, 41 S. Ct. 266, 65 L. Ed. 654, 656; Agnello v. United States, 269 U. S. 20, 34, 46 S. Ct. 4, 70 L. Ed. 145, 149), a court, when engaged in trying a criminal case, will not take notice of the manner in which witnesses have possessed themselves of papers or other articles of personal property, which are material and properly offered in evidence, because the court will not in trying a criminal cause permit a collateral issue to be raised as to the source of competent evidence. To pursue it would be to halt in the orderly progress of a cause and consider incidentally a question which has hap-

pened to cross the path of such litigation and which is wholly independent of it. In other words, in order to raise the question of illegal seizure, and an absence of probable cause in that seizure, the defendants should have moved to have the whisky and other liquor returned to them as their property and as not subject to seizure or use as evidence. To preserve their rights under the Fourth Amendment, they must at least have seasonably objected to the production of the liquor in court. This they did not do, but waited until the liquor had been offered and admitted, and then for the first time raised the question of legality of seizure and probable cause as a ground for withdrawing the liquor from consideration of the jury. This was too late."

[2] This disposes of the case, but as the evidence discloses that the place searched was not occupied by the defendant as his private dwelling, and the motion fails to state that it was his private dwelling, and as no claim was made by the defendant either in his evidence or in the motion that the still and liquor seized were his property, no ground appears upon which it can be said that the affidavit was insufficient to justify the issuance of the warrant and that the evidence should have been rejected, even if objection had been seasonably made. Klein v. United States (C. C. A.) 14 F.(2d) 35, 36; Agnello v. United States, 269 U. S. 20, 23, 46 S. Ct. 4, 70 L. Ed. 145. In the latter case the admission in evidence of narcotics seized at Agnello's home by officers of the United States without a warrant, though a violation of his constitutional rights, was held not to be a violation of the constitutional rights of the other defendants, whose homes were not searched, and did not render the evidence inadmissible as against them.

The judgment of the District Court is affirmed.