HARVEY v. UNITED STATES.
MANN v. UNITED STATES.
Nos. 11082, 11083.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 5, 1951.

Decided Jan. 24, 1952.

Bernard Margolius, Washington, D. C., for appellants.

Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty. at the time the brief was filed, and Arthur J. McLaughlin, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee. Charles M. Irelan, U. S. Atty. at the time of argument, Washington, D. C., also entered an appearance on behalf of appellee.

Before CLARK, PRETTYMAN, and PROCTOR, Circuit Judges.

PROCTOR, Circuit Judge.

Appellants were convicted and sentenced for impersonating police officers, 22 D.C. Code § 1304 (1940), and for blackmail, 22 D.C.Code § 2305 (1940).

The principal point urged on this appeal concerns the trial court's refusal to suppress and exclude certain evidence. At the trial the prosecution adduced evidence tending to prove that articles of an incriminating nature were seized from the persons of the defendants at the time of their arrest. The defendants testified and disclaimed possession of the articles, and denied seizure of the same from their persons. The arrests were made without warrants. The contention is that probable cause to arrest was lacking; therefore, that the searches were illegal and, as a consequence, articles allegedly seized were inadmissible.

■■ Judging the evidence in the light of the peculiar circumstances of the case, we think it did establish probable cause for the arrests. Hence the arrests were legal, as were the searches which followed, and the seizure of incriminating evidence found upon appellants' persons. United States v. Rabinowitz, 1950, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Brinegar v. United States, 1949, 338 U.S. 160, 60 S. Ct. 1302, 93 L.Ed. 1879. However, in our opinion, there is an underlying reason why appellants were not entitled to exclusion of the evidence. They never claimed that it was seized by the police, or that they owned or possessed it. On the contrary, at their trial they denied possession or seizure of the articles. They sought to have the court and jury believe that they were victims of a "frame-up" by the police. Under these circumstances we think they now have no standing here to contest their convictions upon the basis of a seizure which they deliberately denied.

We have considered the other points raised in appellants' brief and find no prejudicial error.

Affirmed.