## GORLAND v. UNITED STATES.
### No. 11275.

United States Court of Appeals
District of Columbia Circuit

Argued May 28, 1952.

Decided June 19, 1952.

Bernard Margolius, Washington, D.C., for appellant.

Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., with whom Charles M. Irelan, U. S. Atty. and Grace B. Stiles, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before CLARK, WILBUR K. MILLER and WASHINGTON, Circuit Judges.

PER CURIAM.

Appellant was convicted and sentenced for gambling activities in violation of D.C. Code 1940, §§ 22–1501, 22–1502, and 22–1504.

He was arrested and certain evidence was seized by police officers in the course of executing a search warrant for the search of certain premises. The search warrant had been issued upon an affidavit which showed adequate probable cause to believe that gambling activities were being conducted on the premises named. Three months after the arrest, and well after indictment had been returned, appellant filed a motion to quash the search warrant, which was denied, and thereafter at trial his objection to the admission of evidence seized under the search warrant was overruled.[1]

There was adequate probable cause for issuance of the search warrant, and the subsequent search, seizure and arrest were legal, but even more, the motion to quash the search warrant did not meet the requirements of Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. Appellant made no claim to ownership or possession of the property seized by police, or to an interest in the premises searched, and has no standing here to contest the seizure. See Harvey v. U. S. (Mann v. United States) D.C.Cir., 1952, 193 F.2d 928.

Affirmed.

1. Appellant's counsel on appeal was not counsel at trial.