## DE BRUHL v. UNITED STATES.

### No. 11389.

United States Court of Appeals
District of Columbia Circuit.

Argued June 17, 1952.

Decided July 3, 1952.

Writ of Certiorari Denied Oct. 27, 1952.
See 73 S.Ct. 111.

George E. C. Hayes, Washington, D. C., with whom James A. Cobb and Julian R. Dugas, Washington, D. C., were on the brief, for appellant.

William J. Peck, Asst. U. S. Atty., Washington, D. C., with whom Charles M. Irelan, U. S. Atty., Joseph M. Howard, Asst. U. S. Atty., and John C. Conliff, Jr., Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before CLARK, WILBUR K. MILLER, and PRETTYMAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant was convicted after indictment and trial for violation of the statutes which prohibit the carrying on of a lottery and the possession of tickets, certificates, etc., designed for the purpose of conducting a lottery.[1] Upon appeal he says that his arrest, which was made without a warrant, was illegal because it was without probable cause, and that therefore the trial court erred in failing to suppress the evidence which was taken from him upon his arrest.

The testimony showed that a detective in the Public Buildings Service had received a complaint "that a suspicious person was hanging around the corridor [of the Munitions Building] collecting a crowd of veterans employees around him." This detective observed the appellant on three different days standing in the corridor of the Munitions Building between the hours of 12:00 noon and 2:00 p. m. On two of these days he observed a number of people meet the appellant and hand him pieces of paper and money, and on the third day he saw appellant go into the building, remain there for a time, and then depart. On a fourth day the detective observed the appellant park his automobile in front of the Munitions Building and go into the

1. 31 Stat. 1330 (1901), as amended, D.C.Code, 1940, § 22–1501; 52 Stat. 198 (1938), D.C. Code, 1940, § 22–1502.

building at about the same time of day. This detective reported his observations to the Metropolitan Police. Officers from that force observed appellant park his car, go into the Munitions Building, and after a period of time return to his car. One of the officers·walked to the car and, according to his testimony, asked appellant what he had been doing in the Munitions Building. Appellant said, "You know what I was doing in there." The officer then asked, according to his testimony, "Where is the work?", and appellant thereupon handed· him eleven envelopes containing money and numbers slips. In an affidavit attached to the motion to suppress the evidence, appellant denied the officer's account of their conversation at the time of the arrest.

 The rules governing arrest without a warrant have been summarized and stated by the Supreme Court in Brinegar v. United States[2] and later restated by this court in Mills v. United States.[3] In the latter case we said:

> "The test is whether there was probable cause for the arrest. Were the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed? [Citing cases.] And the validity of the arrest and search must be determined by its reasonableness in the light of the circumstances of the particular case."

Judged by this rule the arrest in the case at bar was clearly legal. The facts and circumstances within the arresting officers' knowledge, and of which they had reasonably trustworthy information, were amply sufficient to warrant a man of reasonable caution in the belief that appellant was taking numbers bets in the corridor of the Munitions Building.

Affirmed.

2. 1949, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879.

3. 1952, 90 U.S.App.D.C. 365, 196 F.2d 600, 601.