D.C. 365, 196 F.2d 600, certiorari denied, 1952, 344 U.S. 826, 73 S.Ct. 27. And since the other points raised were all without merit, the judgment is affirmed.

Affirmed.

### John H. CALOMERIS, Appellant v. UNITED STATES of America, Appellee.

### No. 11367.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 6, 1953.

Decided Jan. 6, 1953.

### SCOGGINS v. UNITED STATES.

### No. 11233.

United States Court of Appeals

District of Columbia Circuit.

Argued Dec. 15, 1952.

Decided Jan. 15, 1953.

212

Josiah Lyman, Washington, D. C., for appellant.

Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., with whom Charles M. Irelan, U. S. Atty. and Harold H. Bacon, Attorney, Department of Justice, Washington, D. C., were on the brief for appellee. Joseph F. Goetten, Asst. U. S. Atty., Washington, D. C., at the time the record was filed, entered his appearance for appellee.

Before BAZELON, FAHY and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

Appellant was convicted of obtaining marihuana without payment of the tax required under 26 U.S.C. § 2593(a).[1] The crucial evidence consisted of two marihuana cigarettes which the Government claims to have seized from appellant's apartment under a search warrant. Admission of the cigarettes followed denial of appellant's timely motion to suppress under Rule 41(e)[2] for lack of probable cause to issue a warrant. The principal question here is whether that denial was error.

Since we conclude that appellant is without standing to challenge the evidence under Rule 41(e), it is unnecessary to decide the issue of probable cause. Appellant's standing to challenge must rest upon a claim either of possession of the contraband or its seizure from his premises.[3] He denied possession and claimed that if the cigarettes were marihuana, they could not have been seized from his apartment. Thus appellant deprived himself of standing to invoke the rule.[4]

We have considered the other assignments of error raised by appellant and find them without merit.[5] The judgment of the District Court is therefore

Affirmed.

1. 53 Stat. 281 (1939).

2. Rule 41 (e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides in pertinent part: "A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that * * * (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued * * *."

3. Harvey v. United States, 1952, 90 U.S. App.D.C. 167, 193 F.2d 928, certiorari denied, 1952, 343 U.S. 927, 72 S.Ct. 760; DeBruhl v. United States, 1952, 91 U.S. App.D.C. 125, 199 F.2d 175, certiorari denied, 1952, 344 U.S. 868, 73 S.Ct. 111; Mills v. United States, 1952, 90 U.S.App. D.C. 365, 196 F.2d 600, certiorari denied, 1952, 344 U.S. 826, 73 S.Ct. 27; Gorland v. United States, 1952, 91 U.S.App.D.C. 90, 197 F.2d 685; Wyche v. United States, 1951, 90 U.S.App.D.C. 67, 193 F.2d 703, certiorari denied, 1952, 342 U. S. 943, 72 S.Ct. 556; Jeffers v. United States, 1950, 88 U.S.App.D.C. 58, 187 F. 2d 498, affirmed, 1951, 342 U.S. 48, 72 S. Ct. 93.

4. See Connolly v. Medalie, 2 Cir., 1932, 58 F.2d 629, 630.

5. One of the assignments of error related to the use of the word, "positive" rather than "presumptive" in the instructions to the jury on the effect to be given the possession of marihuana as evidence of guilt. This resulted from a mistake in transcription which has been corrected. The Record now contains the word "presumptive."