202 F.2d 214
 92 U.S.App.D.C. 31
 WASHINGTON et al.
v.
UNITED STATES.
 Nos. 11330-11334.
 United States Court of Appeals District of Columbia Circuit.
 Argued Dec. 15, 1952.
Decided Jan. 15, 1953.
Appellants' Petition for Rehearing Denied Feb. 5, 1953.
Writ of Certiorari Denied May 18, 1953.
See 73 S.Ct. 938.
 
 Curtis P. Mitchell, Washington, D.C., with whom B. Dabney Fox, Frank D. Reeves, DeLong Harris, William D. Harris and Henry Lincoln Johnson, Jr., Washington, D.C., were on the brief, for appellants.
 Joseph M. Howard, Asst. U.S. Atty., Washington, D.C., with whom Charles M. Irelan, U.S. Atty. and Frederick G. Smithson, Washington, D.C., were on the brief, for appellee.
 Lewis A. Carroll, Asst. U.S. Atty., Washington, D.C., entered his appearance for appellee.
 Before BAZELON, FAHY and WASHINGTON, Circuit Judges.
 BAZELON, Circuit Judge.
 
 
 1
 All five appellants were convicted of managing, carrying on and promoting a [92 U.S.App.D.C. 32] numbers game in violation of 22 D.C.Code § 1501 (1951). One of the appellants, Othello Washington, was convicted on an additional charge of possessing numbers slips in violation of 22 D.C.Code § 1502 (1951). Evidence seized under a search warrant was admitted at the trial following denial of appellants' timely motions under Rule 41(e)[1] to suppress this evidence for lack of probable cause to issue a warrant.
 
 
 2
 Except for Washington, appellants have no standing to challenge the validity of the search warrant because they made 'no claim to ownership or possession of the property seized by police, or to an interest in the premises searched * * * .'[2] Washington, however, claimed possession of the premises searched. On that account we must determine whether there was probable cause for issuing the warrant, i.e., for believing that gambling activities were being conducted on the premises named. In Brinegar v. United States, the Supreme Court said: 'Probable cause exists where 'the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information (are) sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed.'[3] The existence of probable cause does not require that the officers then possess legal evidence sufficient to convict. Insofar as Schencks v. United States[4] might be construed to the contrary, it has been overruled by Brinegar.
 
 
 3
 The search warrant here was issued on a police officer's affidavit. It shows that he received information 'from a source which in the past has proved reliable' of a numbers business being conducted over certain telephones; that he investigated and found those telephones listed for the premises named; that he received information, from the same source, that these premises were the headquarters of Washington, known as 'Wash,' and one Grear; and that he knew these men as numbers operators. The officer also swore that on four successive days and on two occasions thereafter, he telephoned these premises, asked such purely technical questions as, 'Do you have the first number yet?' and 'What do you have for the first one?', and received in response numbers which he later verified to be the 'numbers' for the day. During two of these telephone conversations, he asked to speak to 'Wash' and each time someone answering to that name was summoned to the telephone. We agree with the trial court that these circumstances provide sufficient probable cause to sustain issuance of the warrant.
 
 
 4
 We have considered the other questions raised by appellants and find that they are without merit. The judgments of the District Court are therefore
 
 
 5
 Affirmed.
 
 
 
 [1]
 Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides in pertinent part: 'A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that * * * (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued * * * .'
 
 
 [2]
 Gorland v. United States, 1952, 91 U.S.APP.D.C. 90, 197 F.2d 685, 686; Scoggins v. United States, 1953, 92 U.S.App.D.C. . . . , 202 F.2d 211. And see DeBruhl v. United States, 1952, 91 U.S.App.D.C. 125, 199 F.2d 175, certiorari denied, 1952, 344 U.S. 868, 73 S.Ct. 111; Mills v. United States, 1952, 90 U.S.App.D.C. 365, 196 F.2d 600, certiorari denied, 1952, 344 U.S. 826, 73 S.Ct. 27; Wyche v. United States, 1951, 90 U.S.App.D.C. 67, 193 F.2d 703, certiorari denied, 1952, 342 U.S. 943, 72 S.Ct. 556; Harvey v. United States, 1952, 90 U.S.App.D.C. 167, 193 F.2d 928, certiorari denied, 1952, 343 U.S. 927, 72 S.Ct. 760
 
 
 [3]
 1949, 338 U.S. 160, 175-176, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879
 
 
 [4]
 1924, 55 App.D.C. 84, 2 F.2d 185