**UNITED STATES**

v.

**John T. HENDERSON et al.**

Cr. No. 52–54.

United States District Court,
District of Columbia.

April 7, 1954.

Motion for Rehearing on Motion to
Suppress Evidence April 28, 1954.

Leo A. Rover, U. S. Atty., John F. Doyle, Asst. U. S. Atty., Washington, D. C., for plaintiff.

H. Clifford Allder, Washington, D. C., for defendants.

LAWS, Chief Judge.

Motion to suppress evidence and schedule of property is denied on the authority of Washington v. United States, 1953, 92 U.S.App.D.C. 31, 202 F.2d 214, certiorari denied 345 U.S. 956, 73 S.Ct. 938, 97 L.Ed. 1377, rehearing denied 345 U.S. 1003, 73 S.Ct. 1130, 97 L.Ed. 1408. In this case the finding of unlisted telephone numbers amongst seized lottery paraphernalia, the information later obtained by officers that said unlisted telephone numbers were both installed for the benefit of defendant John T. Henderson, who had a previous record for

violation of the lottery laws, and five separate telephone calls to these numbers upon being made having elicited correct numbers on the days on which the calls were made, are sufficient facts to give rise to the reasonable inference that a lottery was being conducted on the premises.

### Motion for Rehearing on Motion to Suppress Evidence

Defendant has moved for a rehearing of his motion to suppress evidence, denied by order of this Court on April 7, 1954. In the affidavit supporting the search warrant under which the evidence was seized, it was stated that investigation had disclosed that two unlisted telephone numbers seized among lottery paraphernalia were in the name of defendant at the premises searched, and that he had a previous record for violation of the lottery laws. It now appears defendant in fact did not have a previous police record, and that he was mistakenly identified as another person with the same name.

The Government argues that probable cause was nevertheless established since the officer obtaining the search warrant honestly believed Henderson was the same person previously convicted. But to give the same effect to mistaken facts as to correct facts which may be ascertained by investigation would impose an undue burden on unfortunate innocent persons who happen to have the same names. Therefore the Court is of opinion it must determine whether probable cause existed in this case independent of the element of the honest belief of the officer.

Here two unlisted telephone numbers were found in an apartment with numbers paraphernalia. Five telephone calls on different days elicited the correct number for each of the days. Only once did one of the three persons answering ask who was calling. The case is thus clearly distinguishable from Washington v. United States, 1953, 92 U.S.App.D.C. 31, 202 F.2d 214, cer-tiorari denied 345 U.S. 956, 73 S.Ct. 938, 97 L.Ed. 1377, rehearing denied 345 U.S. 1003, 73 S.Ct. 1130, 97 L.Ed. 1408, where the police had received reliable information that certain telephones were being used for numbers operations and that the premises were the headquarters of known numbers operators, before telephone calls were made to. determine the numbers for the .day. Each case must of course depend upon its particular circumstances, so that Washington v. United States is not understood as establishing the minimum facts that are sufficient to determine probable cause. Without reliable information that defendant previously was convicted of violations of the lottery laws, the facts of the instant case do not raise an inference of illegal activity above mere suspicion or conjecture.

The Court's order of April 7, 1954, denying defendant's motion to suppress evidence will accordingly be vacated and defendant's motion to suppress evidence will be granted.