**UNITED STATES**

v.

George **BELL** et al.

**Cr. No. 211–54.**

United States District Court, District of Columbia.

Feb. 15, 1955.

**14**

Leo A. Rover, U. S. Atty., Frederick G. Smithson, Asst. U. S. Atty., Washington, D. C., for plaintiff.

William B. Bryant, Curtis P. Mitchell, De Long Harris, George E. C. Hayes, Henry Lincoln Johnson, Jr., Saul G. Lichtenberg, Washington, D. C., for defendants.

LAWS, Chief Judge.

Following the opinion of this Court on January 10, 1955, 126 F.Supp. 612, defendants moved for reconsideration of the motion to quash warrants and suppress evidence. In addition, a motion to quash arrest without warrant and suppress evidence have been argued on behalf of defendants Owens and Wright.

■ Defendants argue all operative facts must be disclosed in an affidavit for a search or arrest warrant, and it is insufficient to describe persons observed as "known" or "suspected" numbers operators without stating the grounds on which these descriptions are based. It is not necessary that the affidavit state all the facts and circumstances known to the officers, but it need only set forth sufficient facts in a short and concise manner to establish probable cause. If the description is incorrect, counsel has opportunity to challenge it at the hearing. See United States v. Henderson, D.C., 17 F.R.D. 1, where this Court granted a motion to suppress evidence when at the hearing it was discovered defendant had been mistakenly identified in the affidavit as another person with the same name. While it may be desirable that the basis of the characterization be stated briefly, it has been accepted without challenge. See Washington v. United States, 1953, 92 U.S. App.D.C. 31, 202 F.2d 214, certiorari denied 345 U.S. 956, 73 S.Ct. 938, 97 L.Ed. 1377, rehearing denied 345 U.S. 1003, 73 S.Ct. 1130, 97 L.Ed. 1408. Here the words "known" and "suspected" were used by way of description to identify the persons observed; their activities were sufficient to establish probable cause.

■ With respect to the question as to the occupant of premises 1628 O Street, N.W., the owner of premises to be searched need not be specified where the search is of the premises, not the person, United States v. Fitzmaurice, 2 Cir., 1930, 45 F.2d 133, and is therefore superfluous. Here probable cause for the search existed whether the premises were owned by a numbers operator or by a stranger.

■ Defendants also argue the prosecution may not introduce extrinsic evidence to prove a day-time search which would controvert a statement in the return that the premises were searched at 6:00 p. m., which was nighttime. While the return provides for a single entry as to the time when premises are searched, a search may extend over a period of time. Rule 41 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., requires that the return shall be made promptly and shall be accompanied by a written inventory of any property taken. It is as logical, therefore, that the return state the time at which the search and inventory was completed and the copy served as that it show the time when the search began. The testimony as to the time of search was admissible to explain an entry which was possible of two interpretations under these circumstances; the testimony does not contradict or vary the entry.

■ Defendants seek a bill of particulars from the prosecution as to which defendants are principals and which ac-

cessories or aiders or abettors, relying upon United States v. Tantillo et al., Crim. No. 1604–52, affirmed sub nom. Carrado v. United States, 1953, 93 U.S. App.D.C. 183, 210 F.2d 712, certiorari denied sub. nom. Atkins v. United States, 347 U.S. 1018, 74 S.Ct. 874, 98 L.Ed. 1140, sub nom. Manfredonia v. United States, 347 U.S. 1020, 74 S.Ct. 876, 98 L.Ed. 1141. In that case all fourteen defendants were charged in a first count with conspiracy and in the remaining counts with commission of the substantive offenses, both personally and as coconspirators; motion for bill of particulars was granted. Here the counts of the indictment charge specifically which defendants allegedly participated personally in each offense charged.

■ Defendants Owens and Wright have moved to quash their arrest without warrant and to suppress evidence seized pursuant thereto. They had been arrested at the time of execution of a search warrant for premises 2126—10th Street, N.W., which the accompanying affidavit had indicated was a headquarters for operation of a numbers lottery. Defendants argue their mere presence in suspected premises does not make them liable to arrest and search without warrant, relying upon United States v. Di Re, 1948, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210. The Supreme Court there held unlawful the search of a passenger in an automobile at the same time the driver and the car had with probable cause been searched for concealed contraband. The opinion points up the officers had no reason to assume the passenger had knowledge of an offense being committed. Here, on the other hand, there was involved an alleged headquarters operation of a numbers game which would be known to all persons present; the return on the search warrant indicates the officers seized an adding machine, tapes, wrappers and a quantity of other numbers paraphernalia. The situation thus falls under the rule in Wyche v. United States, 1951, 90 U.S.App.D.C.

67, 193 F.2d 703, certiorari denied 342 U.S. 943, 72 S.Ct. 556, 96 L.Ed. 702, rehearing denied 343 U.S. 921, 72 S.Ct. 675, 96 L.Ed. 1334, that presence in a hideout where illegal activities are being carried on raises a reasonable inference of probable participation in those activities. The arrests and searches incident thereto were therefore justified.

Defendants' motions for reconsideration and to quash arrest and suppress evidence will be denied.