**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James WHITE and Gladys Davis, Defendants-Appellants.**

**No. 11516.**

United States Court of Appeals Seventh Circuit.

Jan. 6, 1956.

Joseph E. Clayton, Jr., Chicago, Ill., for appellants.

Robert Tieken, U. S. Atty., Anna R. Lavin, Asst. U. S. Atty., Chicago, Ill. (John Peter Lulinski, Edward J. Calihan, Jr., Asst. U. S. Attys., Chicago, Ill., of counsel), for appellee.

Before DUFFY, Chief Judge, and MAJOR and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

By their appeal the defendants ask us to review proceedings in the district court which culminated in their conviction upon a trial without a jury. A two count indictment charged them, under 21 U.S.C.A. § 174, with fraudulently and knowingly receiving, concealing, buying, and facilitating the transportation and concealment of narcotics after importation. Upon a finding of guilty, the defendant White was sentenced to a term of four years and fined $1, and the defendant Davis to a term of two years and a fine of $1.

1. In this court the defendants argue that the government failed to prove either of them guilty beyond a reasonable doubt.

■■ With that contention in view, we have examined the evidence in the record and find that the evidence is sufficient, not only to sustain the finding of guilty as to both defendants on each count, but that the evidence overwhelmingly points to the guilt of both defendants. While there is some conflict in the evidence, only a question of credibility of the several witnesses is thereby raised. The resolution of that issue was vested in the trial court. United States v. Cook, 7 Cir., 184 F.2d 642, at page 644, and Stoppelli v. United States, 9 Cir., 183 F.2d 391, at page 394.

In arriving at its findings the district court necessarily passed upon the credibility of the witnesses, and we have no right on this record to say that its findings were wrong.

2. Specifically defendants argue here that there was no testimony that they had possession of the narcotics mentioned in the indictment. The record contains evidence which supports a finding of possession.

 They also contend that the burden was upon the prosecution to prove beyond a reasonable doubt that the drug here involved was imported or brought into the United States contrary to law, and, secondly, that the defendants in some manner facilitated the transportation, concealment or sale of the drug, knowing that it had been imported contrary to law, unless it was proved that the defendants had possession thereof. Section 174 of title 21, U.S.C.A., upon which the indictment is based, provides, in part:

"Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be fined not more than $2,000 and imprisoned not less than two or more than five years. * * *

"Whenever on trial for a violation of this subdivision the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

Having already found that there was evidence of possession, we hold that the government had a right to rely upon the statutory provision which has the effect of raising a presumption that the drug had been imported contrary to law, Pon Wing Quong v. United States, 9 Cir., 111 F.2d 751, at page 755, and that defendants had knowledge of such unlawful importation. In United States v. Feinberg, 7 Cir., 123 F.2d 425, at page 427, we said:

"By force of the statute, possession of narcotics gives rise to an inference that the narcotics were imported contrary to law and a further inference that the person in possession had knowledge of such unlawful importation. True it is, a defendant on trial may overcome these inferences by satisfactory proof that in his case possession of narcotics did not involve a violation of the statute, either because the narcotics were not imported contrary to law or because he had no knowledge of unlawful importation. * * *"

To the same effect are United States v. Chiarelli, 7 Cir., 192 F.2d 528, at page 531, and United States v. Holmes, 7 Cir., 187 F.2d 222, at page 223.

These cases show that the contentions of defendants are not sound.

3. A government witness, officer Halley of the Chicago police department, was permitted to testify that he was on an extension telephone when another government witness, James Burke, made a telephone call to defendant White, whose voice Halley recognized. In an oblique manner, defendants in their brief indicate that they believe that this listening by Halley "amounts to wire tapping" and his testimony thereon was not admissible. They do not argue the point, contenting themselves with saying in the conclusion of their brief that Halley's testimony "was improper and erroneous, violative of the constitutional rights of the defendants and contrary to law and prejudicial to the rights of the defendants and prevented them receiving a fair and impartial trial according to due process of law; * * *." However, because the point thus raised is intended

to present a federal constitutional question, we now consider it.

■ In part, the relevant statute[1] reads:

"* * *; and no person not being authorized by the sender shall intercept any communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person; * * *."

This statute applies to intrastate telephone communications, such as that involved herein. Weiss v. United States, 308 U.S. 321, at page 329, 60 S.Ct. 269, 84 L.Ed. 298.

We believe that the evidence shows that Burke made the telephone call to White, and that Burke knew and consented to Halley's listening to the conversation on an extension telephone.

■ While the authorities are not in agreement, we choose to follow Flanders v. United States[2], 6 Cir., 222 F.2d 163, where the court, at page 167, said:

"We are of the opinion that where, by means of an extension phone, or other device, a third party 'listens in' on a telephone conversation with the consent of one of the parties to the conversation, there is no interception of the communication, within the meaning of the statute."

There was therefore no error committed by the district court in admitting Halley's testimony as to what he heard on the extension telephone.

■ 4. Defendants also charge, but fail to argue in their brief, that a search of White was violative of his constitutional right and money taken from his person should not have been admitted as evidence. We shall consider this point. At the trial, defense counsel moved orally and unsuccessfully to suppress evidence claimed to have been obtained by the government by means of an illegal search and seizure. The oral motion to suppress did not allege that the property seized was the property of the defendants. In Samson v. United States, 1 Cir., 26 F.2d 769, at page 770, the court said that this failure in itself "would seem to be sufficient ground for the denial of the motion", citing Klein v. United States, 1 Cir., 14 F.2d 35, and Nunes v. United States, 1 Cir., 23 F.2d 905. To the same effect is Scoggins v. United States, 92 U.S.App.D.C. 29, 202 F.2d 211, at page 212.

■ Moreover, in this case the alleged illegal search and seizure were made by officers of the city of Chicago, and not by a federal agent. Even though the evidence thus obtained was turned over to the federal government for prosecution of the defendants, that fact does not preclude the federal authority from using the evidence. Shushan v. United States, 5 Cir., 117 F.2d 110, at page 117, 133 A.L.R. 1040.

In Lustig v. United States, 338 U.S. 74, at page 78, 69 S.Ct. 1372, at page 1374, 93 L.Ed. 1819, the court said:

"The crux of that doctrine is that a search is a search by a federal official if he had a hand in it; it is not a search by a federal official if evidence secured by state authorities is turned over to the federal authorities on a silver platter."

In this case the alleged searches and seizures were made by city police officers, and on the following day the federal authorities became interested in the case. Federal agent Cass testified that it was on the latter date that he first became aware of the incidents involved. There was no other evidence of federal participation. Even if the search and seizure were unreasonable, the government nonetheless was entitled to use the evidence secured, unless there was such complicity by federal officials as to bring the seizure within the prohibition of the amendments to the federal constitution. Parker v. United States, 9 Cir., 183 F.2d 268,

1. 47 U.S.C.A. § 605.

2. Followed in Pierce v. United States, 6 Cir., 224 F.2d 281.

at page 270. There is no evidence in the record of such complicity.

Hence, the district court was correct in not sustaining the motion to suppress and in admitting the evidence in question.

For the reasons herein stated the judgment from which an appeal has been taken, is

Affirmed.