**UNITED STATES of America**

v.

**Hugh H. PRICE, Arthur Jasper, Lessie U. Hill.**

**Cr. No. 1274.**

United States District Court District of Columbia.

March 15, 1957.

Victor Caputz, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Curtis Mitchell, Washington, D. C., for defendants.

YOUNGDAHL, District Judge.

Having received reliable information that defendant Price, a janitor employed at 1100 Sixteenth Street, N. W., "was writing numbers and engaging in a numbers operation at 1100 Sixteenth Street, N. W., and other premises in the vicinity," the police launched an investigation. This investigation took place over a three-week period, and upon its completion the investigating officers swore out an affidavit upon which were issued an arrest warrant for the defendant Price and search warrants for the following premises: 1445 Swann Street, N. W. (entire premises), 1100 Sixteenth Street, N. W. (janitor's quarters), and 1833 New Hampshire Avenue (basement apartment). In executing the search warrant for the Swann Street premises, which were owned by defendant Jasper, the officers broke down a back door. Upon entering the apartment they arrested defendant Hill, though there was no warrant for his arrest, searched him, seized certain property which he had in his possession, searched the premises and seized certain other property therefrom. The defendant Jasper has moved to suppress the evidence seized from his premises, alleging that no probable cause existed for the issuance of the search warrant and alleging further that the warrant was executed in an illegal manner. Defendant Hill has moved to suppress the evidence seized from his possession, alleging that he was illegally arrested and searched. In addition, the defendants have moved that the indictment, or in the alternative, certain counts thereof, be dismissed, alleging said indictment to be duplicitous and otherwise defective on its face. A hearing was held before the Court on defendants' motions and oral testimony was taken.

This Court recently gave careful consideration to the contentions of the present defense counsel as to the duplicity of a similar indictment and concluded that they were not valid, U. S. v. Brooks and Brown, Criminal No. 1152–56, order dated March 7, 1957. It is the Court's view that the present indictment is not duplicitous or otherwise defective, and the motion to dismiss the indictment, or in the alternative, certain counts thereof, will therefore be denied.

The affidavit upon which the search warrant in question was issued reveals the following facts: Having received the aforementioned reliable information as to Price and his operations, the two police officers placed him under limited observation. One officer then contacted Price and on seven separate dates made numbers bets with him at or near 1100 Sixteenth Street, N. W., some time after 12:00 p. m. The two officers observed Price on eight separate dates, roughly between the hours of 12:30 p. m. and 2:30 p. m. On seven of the eight days the observations were commenced shortly after the officer had placed his bet with Price. On each day on which Price was under observation, he was observed to leave the janitor's quarters of 1100 Sixteenth Street, proceed to the rear basement entrance of 1833 New Hampshire Avenue, N. W., enter, remain for periods varying from about five to forty minutes, proceed therefrom to the rear basement of 1445 Swann Street, N. W., remain for similarly varying periods of time, and return to the basement of 1100 Sixteenth Street, N. W. The Swann Street premises were owned by one Arthur J. Jasper and the records of the Morals Division indicated that an Arthur J. Jasper had been arrested once in 1946 and once in 1947 for violation of the Lottery Laws and that both these arrests were made in the same area as 1445 Swann Street, N. W.

The affidavit concludes, "Officer Brooks is positive that Hugh H. Price is actively engaged in conducting a numbers lottery and it is the belief of Officers Brooks and Jackson that there are now concealed in premises 1445 Swann Street, N. W., * * * numbers slips and/or numbers paraphernalia * * *"

The Court is convinced that the affidavit does not establish "probable cause" for the issuance of a search warrant for premises 1445 Swann Street, N. W. This is not a case in which groups of known or suspected numbers operators collected at the premises, as in Woods v. United States, 99 U.S.App.D.C. 351, 240 F.2d 37, affirming Bell v. United States, D.C.1955, 126 F.Supp. 612 in this respect. Nor is it a case in which groups of people arrived at the premises with bulging pockets or carrying paper bags and left soon thereafter with empty pockets and unencumbered by bags, as in Wyche v. United States, 1951, 90 U.S.App.D.C. 67, 193 F.2d 703, certiorari denied 342 U.S. 943, 72 S.Ct. 556, 96 L.Ed. 702. Nor is it a case in which the police, having reliable information that the *premises* were being used illegally, conducted an investigation as to those premises, by telephoning there on several occasions and receiving numbers information from a man previously identified to them as a numbers operator, as in Washington v. United States, 1953, 92 U.S.App.D.C. 31, 202 F.2d 214, certiorari denied 345 U.S. 956, 73 S.Ct. 938, 97 L.Ed. 1377.

■ In the instant case the police received no reliable information as to the premises, conducted no surveillance or investigation thereof with the exception of determining the owner, and in fact, observed nothing suspicious about the premises. So far as the affidavit indicates and so far as the Court is aware, the police investigation was limited strictly to the activities of one numbers writer, and even that investigation did not disclose any observable evidence that that writer was obtaining from, or depositing at, the premises any numbers material whatsoever.

It is the Court's view that the regular visiting of a private dwelling by one numbers writer, even during the hours described, does not in and of itself establish that degree of "probable cause" necessary to secure a search warrant for that establishment. This Court could not hold that such visits alone provide "probable cause" to believe that illegal material is concealed on those premises. Nor is the added factor of ownership of the premises by an individual twice arrested for numbers operations years ago sufficient to vary that rule. The constitutional safeguards which insure the privacy of homes against invasion by government officials compel a higher standard of "probable cause" than has been demonstrated in this case. See United States v. Johnson, D.C.D.C.1953, 113 F.Supp. 359, United States v. Hall, D.C.D.C.1955, 126 F.Supp. 620.

■ Having determined that no "probable cause" was shown for the issuance of the search warrant, the Court must grant Jasper's motion to suppress. It is, therefore, unnecessary for the Court to pass on his allegations as to the illegality of the execution of that warrant. However, since the officers broke down a door in order to obtain entrance, the Court would like to record its conclusion that their actions in this respect were not illegal. The Court finds that upon their arrival at the back door, the police officers identified themselves as such and announced that they had a search warrant. After being so notified, occupants of the apartment refused the officers admission and ran for the front door. It was only at this point that the forcible entry was made. It is the Court's conclusion that under, the circumstances described, the officers followed the proper procedure in gaining entry under a search warrant. Seé Woods v. United States, supra, and 18 U.S.C. § 3109.

■ There remains for consideration only the motion of Hill to suppress the evidence seized from his person and possession. Had the search warrant in question been issued upon a proper showing of probable cause, the arrest and search of Hill would undoubtedly have been legal under the rule as to presence in gambling headquarters set forth in Wyche v. United States, supra, see also United States v. Bell, D.C., 17 F.R.D. 13. However, in view of the Court's finding that the search warrant was improperly

issued, the presence of the officers on the premises was illegal, and thus the arrest and search of Hill was also illegal, Gatewood v. United States, 1953, 93 U.S.App. D.C. 226, 209 F.2d 789. Therefore, Hill's motion to suppress will be granted.