**UNITED STATES of America**

v.

**Gertrude ARRINGTON.**

**Grand Jury No. 194-58.**

United States District Court
District of Columbia,
Criminal Division.

March 17, 1958.

T. Emmet McKenzie, Washington, D. C., for petitioner.

Alexander Stevas, Asst. U. S. Atty., Washington, D. C., for respondent.

YOUNGDAHL, District Judge.

Gertrude Arrington has filed a motion to restore certain papers and monies taken from premises 614 N Street, N. W., and to restrain the use of these papers and moneys by the United States Attorney in any subsequent proceeding which may lead to the bringing of an indictment against her. Nowhere does the motion allege possession or ownership of the searched premises or the seized property. During oral argument on the motion it was brought out that petitioner is an employee in the premises 614 N Street, which is a valet shop.

The government has opposed the motion, alleging there was probable cause for the issuance of the search warrant and raising procedural objections to the motion. The government contends that the movant has not alleged ownership in, or the right to the possession of the premises searched or the property seized.[1] An employee of the store, they assert, does not have sufficient standing by that fact alone to object to the use of the papers and monies. This exact point has never been decided in this jurisdiction and an examination of federal cases in other jurisdictions discloses no precedent for this.[2] Therefore, while the Court feels that there may be merit to the government's argument, nevertheless, it will decide the motion on the merits.

██ The motion is cast in a form which addresses itself to the equity powers of the Court. In this respect the petitioner relies on Go-Bart Importing Company v. United States[3] where a similar motion was sustained by the United States Supreme Court because of an illegal search and seizure. That case, however, was decided before the promulgation of the Federal Rules of Criminal Procedure, 18 U.S.C.A. The Court is of the opinion that the petitioner has an adequate remedy at law under Rule 41(e) and feels that procedure should be followed. Although there is a general lack of enthusiasm in the courts for a motion to suppress evidence filed at a preindictment stage,[4] as in this case, the Court has treated the motion as one filed under Rule 41(e) and asking for relief provided therein.

Petitioner has cited United States v. Price,[5] a previous decision by this Court, as precedent for the case at bar. In the Price case bets were placed with a single person and observation made of this person alone over a period of time. He was seen to enter 1445 Swann Street and leave a few minutes later during the time (mid-afternoon) when numbers activity is conducted. No other suspicious person was ever seen entering the above premises nor was any contact between Price and any other person observed who might be connected with the Swann Street premises. There was nothing peculiar in Price's manner or appearance from which to infer that his entrance into these premises was anything but innocent. The premises were owned by a person formerly convicted of numbers violations but no observation of him or whether he even lived in or visited Swann Street was alleged.

██ In the instant case, however, bets were made with four persons, two

---

1. Accardo v. United States, D.C.Cir., 1957, 247 F.2d 568.

2. In United States v. Blok, 1951, 88 U.S. App.D.C. 326, 188 F.2d 1019, an employee was held to have standing to assert the improper search of her desk. For the rights of a servant, an employee living in another part of the building, see cases cited therein. On the rights of a guest Gaskins v. United States, 1955, 95 App.D.C. 34, 218 F.2d 47; and Jef-

fers v. United States, 1951, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59. However, there is still doubt whether this allegation alone, without any allegation of possession or ownership, is sufficient.

3. 1930, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374.

4. Chieftain Pontiac Corporation v. Julian, 1 Cir., 1954, 209 F.2d 657.

5. D.C.1957, 149 F.Supp. 707.

of whom were seen entering 614 N Street during the mid-afternoon hours. On three different occasions Officer Evans saw John Doe No. 1, with whom he personally had placed a bet and whom he had seen many times with Jane Doe No. 2, enter premises 614 N Street and leave three or four minutes later. Jane Doe No. 2, with whom Officer Evans had placed a bet eight times and had been seen twice recording the bets of Officer Evans taken by others, was seen entering the premises once. And, as the Court indicates below, during this one visit there was good cause to believe that she left numbers slips in the premises. There is also the allegation, which the Court believes should be given some credence albeit since it is a conclusion, very slight, that the premises 614 N Street is a known numbers-drop location.

The key allegation, however, of the affidavit is the following:

"* * * About 2:25 P.M. Jane Doe No. 2 came downstairs and entered 1229½ 7th St. N. W. with a brown paper bag in her hand. At this time an unidentified colored male placed a bet with her. Jane Doe No. 2 took from the bag a regulation number book and recorded the bet. After this, she took a smaller bag out of the brown bag and placed a copy of the slip in this bag. She placed a book in her coat pocket, then neatly folded the bag of slips. She placed them under her coat, which she held in place with folded arms. Jane Doe No. 2 then left the Cafe and was followed by Officer Evans to 614 N St., N. W. About 4 minutes later she emerged from 614 N St., N. W., her hands free, adjusting her cap with both hands and her coat was open. The bag which she had taken into 614 N St., N. W. was not seen, nor was there a bulge in her coat pocket."

It is the Court's opinion that this sufficiently distinguishes the instant case from the Price situation to warrant a different result.

It should be further noted that the bag Jane Doe No. 2 carried and what was in it is very definitely identified. Not only is there the allegation in the affidavit that "on all occasions where a brown paper bag is mentioned, it is believed by the undersigned that they contained number slips or other gambling paraphernalia", but also on four other occasions mentioned in the affidavit Officer Evans saw slips placed in a paper bag and the bag folded. On the occasion when Jane Doe No. 2 went into 614 N Street, N. W. with a paper bag, there can be no doubt that the bag contained numbers slips. Her emergence without the bag, coupled with the other circumstances mentioned above, in the Court's opinion warrants a finding of probable cause.

The motion is denied.