Jose SANTIAGO, Petitioner,

v.

**SUPREME COURT OF the STATE OF NEW YORK, KINGS COUNTY and Benjamin J. Malcolm, Commissioner, New York City Department of Correction, Respondents.**

No. 76 C 160.

United States District Court,
E. D. New York.

March 11, 1976.

Application for Certificate of Probable Cause Denied March 29, 1976.

74

Maurice Brill, New York City, for petitioner.

Barry Schreiber, Dist. Atty., by Elliott Schulder, Asst. Dist. Atty., Brooklyn, N. Y., for respondents.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Petitioner seeks a writ of habeas corpus pursuant to Title 28 United States Code Section 2241, and alleges that he has exhausted his opportunities for relief from the State Courts, his application for leave to appeal to the Court of Appeals from an adverse affirmance of his judgment of conviction having been heard and denied by Chief Judge Charles D. Breitel on November 11, 1975 (see Title 28 U.S.C. § 2254).

In the State Courts petitioner unsuccessfully sought to controvert a search warrant and suppress evidence (Criminal Procedure Law § 710.20(1)) and thereafter pleaded guilty to the crime of possession of a weapon as a felony, but at the same time preserved his right to appeal under Criminal Procedure Law § 710.70. On May 23, 1974, petitioner was sentenced to serve a six month term of imprisonment and was scheduled to surrender to the Supreme Court, Kings County, on February 18, 1976, for service of said sentence.

In this Court petitioner claims that no probable cause was given to the Judge of the Criminal Court of the City of New York who issued the warrant to search premises known as 152–29th Street, Apartment 4B, Brooklyn, New York, and that the subsequent search pursuant thereto was in violation of his rights under the Fourth Amendment of the United States Constitution.

The affidavit on which the warrant was issued states that the affiant Police Officer had information based upon an "official communication" and personal observations made by him which revealed that petitioner was accepting and receiving mutual race horse policy bets at various locations in Brooklyn and that after said transactions subject would go to the premises in question and enter apartment 4B.

Specifically, the affiant stated in the affidavit that on Monday, May 18, [sic] 1972, from 2:50 PM to 3:20 PM he observed petitioner in a 1972 Chevrolet; that petitioner stopped at 333–2d Street and picked up an unknown male, drove to 1st Street between Fourth and Fifth Avenues and parked his vehicle. The affiant said that he then saw petitioner accept

an unknown amount of U. S. currency in bill form and also an unknown amount of white slips of paper from the unknown male. He then observed petitioner and the unknown male when they returned to 333–2d Street where the unknown male left the car. Thereafter, the affiant stated, he saw petitioner's vehicle parked on 29th Street between Fourth and Fifth Avenues, having previously observed petitioner entering premises 152–29th Street, Apartment 4B.

The affidavit further states that on Friday, May 19, 1972, from 2:15 to 3:40 PM the Police Officer observed the petitioner drive to 333–2d Street in the same car and again pick up the same unknown male, and that he observed them proceed to First Street between Fourth and Fifth Avenues and park the vehicle, where after a conversation the unknown male handed something to the petitioner. Thereafter, the officer observed the petitioner's vehicle parked on 29th Street between Fourth and Fifth Avenues.

On Monday, May 22, 1972, petitioner, in an Avis Plymouth, was observed proceeding to 333–2d Street, parking the rented car, leaving the same, and going into a hallway where he met the unknown male and received a white slip of paper. Thereafter, the petitioner left the premises, entered the vehicle, and drove off. Again the vehicle was later seen parked on 29th Street, between Third and Fourth Avenues.

The affidavit further states that on Tuesday, May 23, 1972, from 2:20 to 3:10 PM petitioner was observed in the same vehicle parking in front of 333–2d Street where he was joined by the same unknown male and handed a white piece of paper and that thereafter, while petitioner was waiting for a green traffic light, he was seen counting an unknown amount of U. S. currency in bill form. He was then followed to premises 152–29th Street where he parked the vehicle and entered the premises.

The affidavit further states that on Thursday, May 25, 1972, at 2:10 PM petitioner left apartment 4B, went downstairs, and entered the vehicle. At 3:10

PM petitioner returned, parked the vehicle on 29th Street between Fourth and Third Avenues, and entered the premises and in particular Apartment 4B. Ten minutes later the officer observed "a female, white, Hispanic, also enter Apartment 4B. Said female is known to the deponent as participating in this gambling activity. Deponent observed the same female exit Apartment 4B at 1525 hrs."

Petitioner relies principally upon *United States v. Price*, 149 F.Supp. 707 (D.D. C.1957), which he says presents a much stronger case for the denial of a motion to suppress than the case at bar and in which such a motion was granted. Each case, however, must rise or fall on its own facts and there are several distinguishing features between the *Price* case and this case.

In this case on four separate occasions the petitioner was observed by a Police Officer to have returned to his place of residence after conducting a gambling transaction. Immediately after leaving his residence, at approximately the same time each day, petitioner was observed visiting the 2d Street address, engaging in a gambling transaction, and then returning. Each time he followed the same pattern. After another trip he was joined by a known gambler in his apartment for a long enough period of time to consummate a gambling transaction.

To the extent, if at all, that the foregoing facts are not distinguishable from the *Price* case, this Court declines to follow the same.

The facts here are based upon the affiant's personal knowledge and from his own observation. They are not from an "informant" or otherwise hearsay.

■ As the Supreme Court stated in *U. S. v. Ventresca*, 380 U.S. 102, at p. 108, 85 S.Ct. 741, at p. 746, 13 L.Ed.2d 684, at p. 689 (1965):

"These decisions reflect the recognition that the Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's

cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting."

Proof of "probable cause" does not, in this Court's view, mean proof "beyond a reasonable doubt" nor does it mean proof by a "preponderance of the evidence". It merely means that a rational person may conclude from the facts and the reasonable inferences that may be drawn therefrom, that a crime is being committed on the premises as to which a search warrant is being sought.

Here it was certainly reasonable for the State Court Justice to infer that a crime was being committed at 152–29th Street, Apartment 4B. Given the above facts, this Court might well have considered it unreasonable if the Justice had concluded otherwise. We cannot avoid the observation that a "substantial basis" for the Justice's finding existed, and it will therefore be upheld, *Jones v. United States,* 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697, 708 (1960); *United States ex rel. Rogers v. Warden of Attica State Prison,* 381 F.2d 209, 215–16 (2d Cir. 1967).

Accordingly, petitioner's application for a writ of habeas corpus must be and the same hereby is denied.

SO ORDERED.

## MEMORANDUM AND ORDER DENYING APPLICATION FOR CERTIFICATE OF PROBABLE CAUSE

The Court hereby amends the penultimate paragraph of its Order herein dated March 10, 1976 to read as follows:

"Here it was certainly reasonable for the State Court Judge to infer that a crime was being committed at 152–29th Street, Apartment 4B. Given the above facts, this Court might well have considered it unreasonable if the Judge had concluded otherwise. We cannot avoid the observation that a 'substantial basis' for the Judge's finding existed, and it will therefore be upheld, *Jones v. United States,* 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697, 708 (1960); *United States ex rel. Rogers v. Warden of Attica State Prison,* 381 F.2d 209, 215–16 (2d Cir. 1967)."

Defendant has applied for a Certificate of Probable Cause with respect to this Court's Memorandum and Order dated March 10, 1976, denying petitioner's application for a writ of habeas corpus. Specifically, defendant appears to object to the inference which this Court felt that the judge of the Criminal Court of the City of New York could reasonably have drawn from the facts set forth in the affidavit of Patrolman Triglianos that

"In this case on four separate occasions the petitioner was observed by a Police Officer to *have* returned to his place of residence after conducting a gambling transaction." (Emphasis added).

Not only was such conclusion an inference which might reasonably be drawn from the facts set forth in said affidavit but Patrolman Triglianos specifically drew such conclusion in his affidavit when he stated that "after said transactions subject would go to premises 152–29th Street, Brooklyn, and enter Apartment #4B".

For the reasons indicated in this Court's Memorandum and Order dated March 10, 1976, as above amended, petitioner's application for a Certificate of Probable Cause must be and the same hereby is denied.

SO ORDERED.