**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Edward BETZ, Defendant.**

**Crim. No. 39165.**

United States District Court
E. D. Michigan, S. D.

June 8, 1962.

William H. Merrill, Chief Asst. U. S. Atty., for the United States.

Robert E. Toohey, Detroit, Mich., for defendant.

McCREE, District Judge.

On December 14, 1961, this court issued a warrant for the search of premises known as 21212 Masonic Street, St. Clair Shores, Michigan, which premises were the residence of Edward Betz. The warrant was executed on the same day, and various articles including gambling paraphernalia were seized and removed from the premises.

Betz, who now stands indicted for evasion of federal gambling taxes, has petitioned the court to quash the warrant and to suppress the evidence obtained by the search. He urges that the affidavit in support of the warrant was insufficient to establish probable cause and, in addition, that the warrant was executed in violation of Section 3109, Title 18, U.S.C.[1]

The affidavit herein was made by John T. Zawadzki, a Special Agent of the Internal Revenue Service. As it relates to 21212 Masonic Street and to defendant Betz,[2] the affidavit sets forth the following:

1) Affiant "has reason to believe that on the premises known as 21212 Masonic Street [described in further particularity] there is now being concealed certain property; namely, bookmaking records, wagering paraphernalia consisting of bet slips, run-down sheets, account sheets, recap sheets, telephones, and instruments used in violation of Sections 4411, 4412, 7203, and 7262 of the Internal Revenue Code of 1954 [26 U.S.C.A. §§ 4411, 4412, 7203, 7262]."

2) Affiant was assigned to investigate a suspected bookmaking operation being

1. "The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant."

2. The affidavit contains matter applicable to other persons and premises for which warrants also were issued. This matter has no bearing on the existence of probable cause in the instant case, and the practice of consolidating in a single affidavit facts supporting separate applications for warrants should not be encouraged.

conducted by one Charles W. Gorman at 23334 Lakewood, Clinton Township, Michigan.

3) Among persons observed entering the Lakewood address, either alone or in the company of Gorman, was defendant Betz.

4) "Confidential information, considered reliable, further discloses that Edward Betz has been a close associate of Charles W. Gorman for several months;

5) "that prior to November 13, 1961, he was actively participating in the handbook activity at 23334 Lakewood with Charles Gorman;

6) "and that he is now engaged in accepting wagers at his personal residence at 21212 Masonic Street, St. Clair Shores, Michigan, in direct association with Charles W. Gorman."

7) Examination of telephone company records disclosed that there were two unlisted telephones at 21212 Masonic, one in the name of defendant and one in his wife's name.

8) There was no record of any wagering tax stamp having been issued to defendant.

9) Neither was there any record of 21212 Masonic having been registered as the business or residence address of a wagering stamp holder.

■ The Fourth Amendment forbids the issuance of warrants except "upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Probable cause does not require the quantum of evidence needed to prove guilt, nor on the other hand can it be equated with bare suspicion. It exists "[i]f the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing that the offense has been committed." Stacey v. Emery, 97 U.S. 642, 645, 24 L.Ed. 1035 (1878), quoted with approval in Carroll v. United States, 267 U.S. 132, 161, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925).

"These long-prevailing standards seek to safeguard citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime. They also seek to give fair leeway for enforcing the law in the community's protection. Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusions of probability. The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating these often opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officer's whim or caprice." Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949).

■ A search warrant may not properly issue "upon mere affirmance of suspicion or belief without disclosure of supporting facts or circumstances." Nathanson v. United States, 290 U.S. 41, 47, 54 S.Ct. 11, 13, 78 L.Ed. 159 (1933); accord, United States v. Lassoff, 147 F. Supp. 944 (E.D.Ky.1957). Thus the affiant's expression of belief that the premises in question housed certain articles being used in violation of Internal Revenue laws is, without more, insufficient basis for the warrant.

However, the affidavit purports to disclose supporting facts and circumstances. Most directly apposite is the "confidential information, considered reliable," to the effect that defendant was then engaged in illegal gambling activity at his home. Although this information obviously is hearsay, it is not to be disregarded where there exists "a substantial basis for crediting the hearsay". Jones v. United States, 362 U.S. 257, 272, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960). In Jones, an informant's tip was deemed worthy of credence because he had previously given

accurate information, his story was corroborated by other sources of information, and the suspect was known to the police as a narcotics user. All these corroborating facts were set forth in the affidavit for the warrant. In the instant case, we must look beyond the conclusionary statement of the affiant that the information was "considered reliable" if we are to find, as in Jones, a factual basis for crediting the hearsay.

In his affidavit, Agent Zawadzki states upon personal knowledge that defendant was observed (at unspecified occasions) entering the home of another suspected bookmaker; that there were two unlisted telephones at defendant's home; that no wagering tax stamp had been issued to defendant, and that defendant's home was not registered as the address of a wagering stamp holder. The difficulty with these facts is that they do not afford a substantial basis for crediting the confidential information that an illegal gambling operation was being conducted on defendant's premises.

■ Defendant's visits to the home of Charles Gorman are not suggestive of unlawful activity at Betz' own home. Cf. Lowrey v. United States, 161 F.2d 30 (8th Cir.1947),[3] cert. denied, 331 U.S. 849, 67 S.Ct. 1737, 91 L.Ed. 1858, rehearing denied, 332 U.S. 787, 68 S.Ct. 36, 92 L.Ed. 369. Perhaps the information could have been confirmed had defendant's house been placed under surveillance. This was done in United States v. Woodson, 303 F.2d 49 (6th Cir. 1962), and in the following cases cited by the government, and it developed that the suspects regularly visited the premises at the usual bookmaking hours, Merritt v. United States, 249 F.2d 19 (6th Cir.1957); Clay v. United States, 246 F.2d 298 (5th Cir.1957), cert. denied, 355 U.S. 863, 78 S.Ct. 96, 2 L.Ed.2d 69, or that they carried paper bags of the size and type commonly used for transporting gambling paraphernalia, United States v. Bell, 126 F.Supp. 612, aff'd 99 U.S.App.D.C. 351, 240 F.2d 37 (D.C. Cir.1957).[4]

The maintenance of two unlisted telephones, without such additional data as the number, origin, and destination of calls made and received, is neither suspicious in itself nor corroboratory of other suspicions. Cf. United States v. Nicholson, 303 F.2d 330 (6th Cir.1962); United States v. Schwartz, 151 F.Supp. 399 (W.D.Pa.1957); Clay v. United States, supra.

The lack of a gambling tax stamp, while it would tend to confirm a belief that any gambling activity at defendant's home was illegal, does not substantiate information that defendant's home was in fact being used for gambling. See United States v. Lassoff, supra.

We are left, then, with an affidavit based upon hearsay information, the reliability of which is not established by other facts and circumstances set forth in the affidavit. Even under the "practical, nontechnical" standards of probable cause, Brinegar v. United States, supra, this is too weak a basis to support intrusion into a private dwelling. And it will not do to say, nor does the government contend, that a search which is not properly authorized may be justified by what it uncovers. United States v. Di Re, 322 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948).

The conclusion is inescapable that the search warrant for 21212 Masonic Street was improvidently issued by this court, and defendant's motion must be granted. In view of this conclusion, it is unnecessary to consider whether the warrant was lawfully executed.

An order may be entered in accordance herewith.

---

3. "Of course, probable cause for the issuance of a search warrant necessarily implies, not simply that there are reasonable grounds to believe that some violation of law exists, but that there is a violation in respect to some property located on some premises or on some person * * *." Id., 161 F.2d at p. 33.

4. A fourth case relied upon by the government, United States v. Joseph, 174 F. Supp. 539 (E.D.Pa.1959), aff'd 278 F.2d 504 (3d Cir. 1960), is distinguishable in that the informant therein supplied documentary evidence which lent substance to his story.