Scileppi, J.
Defendants were convicted of the crime of bookmaking (Penal Law, § 986) on the basis of evidence seized pursuant to a search warrant. Prior to the trial, defendants moved to suppress the evidence so seized on the ground that the search warrant was issued without a sufficient showing of probable cause. The motion was denied.
The affidavit of a member of the New York State police, which accompanied the application made to a Judge of the Erie County Court for the afore-mentioned search warrant, stated in pertinent part:
“ That your deponent has been conducting an investigation relative to gambling being carried on at the above premises [556 Lakeview Avenue in the Town of Orchard Park, Erie County, New York].
“ That on April 25, 1962 your deponent observed one James Faliero, a known gambler, whose true name is Mariano Faliero, BPD No. 36771, entering the said premises * * *.
“ That on April 26, 1962, your deponent, and other investigators working with deponent, observed the said James Faliero again entering said premises. That the said James Faliero was arrested * * * for failure to have a gambler’s stamp. ¡jr< # *
“ Premises described as 556 Lakeview Avenue in the Town of Orchard Park, Erie County, New York, is a 1% story, split level, brick and frame dwelling listed to Aldo Dalimonte.
“ That these observations were made during the normal bookmaking hours.
“ That on June 11, 1962, at approximately 11:45 A.M. your deponent observed one Anthony B. Nasca, a known bookmaker, BPD #32368, * '* * entering premises at 556 Lakeview Avenue * * * in the company of Anthony Fino, another known bookmaker, BPD No. 54413. Both named individuals *162 were dropped off by an unknown white male, operating’ a * * * 1956 Cadillac, green and white, IB-9304, New York State Registration listed to Anthony B. Nasca * * *. Both individuals remained there.
“ That on June 12, 1962, at approximately 11:55 A.M. your deponent observed again Nasca and Fino dropped off by the same Cadillac above described, both entering said premises at 556 Lakeview Avenue * * *.
“ That on June 13, 1962, at 12 Noon, your deponent, together with another investigator * ® * observed' the said Anthony Fino and Anthony Nasca entering premises at 556 Lakeview Avenue * * *. On each of said occasions, June 11, 12 and 13th, each of the individuals were carrying large envelopes.
“ That based upon the above observations there are reasonable grounds for believing that the said premises at 556 Lake-view Avenue * * *, are being used for the purpose of violating Section 973, 986 and 986-B of the Penal Law * * *.
“ There are two non-listed telephones at the premises, 556 Lakeview Avenue ”.
Section 793 of the Code of Criminal Procedure in pertinent part provides: “ A search warrant cannot be issued, but upon probable cause supported by affidavit ”.
The sole question presented on this appeal concerns the “quantum of proof necessary for a showing of ‘ probable cause ’ for ” the issuance of a search warrant (People v. Marshall, 13 N Y 2d 28, 31).
In People v. Marshall (supra), Chief Judge Desmond, writing for a unanimous court, stated (pp. 34-35): ‘ ‘ Probable cause exists when there is reasonable ground of suspicion supported by facts and circumstances strong enough in themselves to warrant a- cautious man in the belief that the law is being violated on the premises to be searched (Carroll v. United States, 267 U. S. 132; Dumbra v. United States, 268 U. S. 435; Aderhold v. United States, 132 F. 2d 858). It is not a matter for technical rules or tight and exact definition. The question always is: what in the common judgment of reasonable men would be regarded as good, sound cause, remembering that we seek only probable, not absolute cause ? * * * Whether probable cause is present in a particular case must be determined from the facts of that case (United States v. Ramirez, 279 F. 2d *163 712, 714, cert. den. 364 U. S. 850).” A decision with regard to a finding of probable cause involves not merely a question of fact but rather a mixed question of fact and constitutional law (N. Y. Const., art. I, § 12; U. S. Const., 4th Amdt.; Dumbra v. United States, 268 U. S. 435; Carroll v. United States, 267 U. S. 132; cf. People v. Richmond County News, 9 N Y 2d 578). This court, then, must, as arbiter of constitutional issues, make an independent appraisal of the facts and circumstances obtaining in each case to determine whether the Magistrate who issues the search warrant could reasonably find from the proof before him that there was a sufficient showing of probable cause for the issuance of same.
In the instant case, assuming the facts as set forth in the affidavit here to be true, as we must, we conclude that observations by police officers of several allegedly known book-makers entering on various occasions a private dwelling wherein there were located two unlisted telephones, and nothing more, does not rise above a bare suspicion that the crime of book-making was being committed on the premises.
In cases involving substantially similar facts, viz., observation of known book-makers entering a private dwelling wherein several telephones were located, the courts have consistently held that such a showing was not sufficient to establish probable cause (see, e.g., United States v. Gebell, 209 F. Supp. 11; United States v. Bosch, 209 F. Supp. 15; United States v. Betz, 205 F. Supp. 927; United States v. Price, 149 F. Supp. 707; United States v. Johnson, 113 F. Supp. 359; cf. the following eases in which probable cause was found to have been established where, in addition to observations of known gamblers entering-certain premises wherein several telephones were located [only one in Smith], it was shown that a bet had been placed by calling a telephone number at the premises [Smith v. State, 191 Md. 329]; or that there was reliable confidential information of gambling- activities on the premises [United States v. Woodson, 303 F. 2d 49] or that the telephones on the premises were frequently being used to contact other known gamblers [Clay v. United States, 246 F. 2d 298, cert. den. 355 U. S. 863; United States v. Gorman, 208 F. Supp. 747]). The search warrant issued here, then, was invalid. It follows, therefore, that the evidence seized pursuant thereto was illegally obtained and thus *164 inadmissible (People v. Politano, 17 A D 2d 503-504, affd. 13 NY 2d 852).
Accordingly, the judgment of conviction should be reversed and the information dismissed.